Warner, Chief Justice,
dissenting.
The defendants were indicted for the offense of robbery-, upon the person of William T. Green, in the county of Clarke, on the 15th day of May, 1873, and taking from him $275 00 and a silver watch.
On-the trial of the case, the jury found the defendants guilty. A motion was made for a new trial on the grounds specified in the record, which was overruled by the court, and the defendants excepted. There is no controversy as to the fact that Green, the prosecutor was knocked down in the night time with a club and robbed of his money and watch, as alleged in the indictment. The main witness for the state, who proved the robbery by the defendants, was Charlie Lee, an accomplice, but who was not indicted, and the question is, whether there .were sufficient corroborating circumstances proven by other witnesses at the trial to authorize the jury, under the law, to find the defendants guilty on the evidence of the accomplice. By our Code, the testimony of a single witness is generally sufficient to establish a fact. One of the exceptions to this general rule is in any case of felony where the only witness is an accomplice, and in such a case corroborating circumstances may dispense with another witness: Code, 3755.
The fair and reasonable interpretation of this section of the Code is, that if the corroborating circumstances proved by other witnesses are sufficient to authorize the jury to believe that the accomplice has told the truth in relation to the commission of the offense, such corroborating circumstances may dispense with another witness, and a conviction may be had *118 on the testimony of the accomplice. What the corroborating circumstances shall be, the Code does not define. The object of all legal investigation is the discovery of truth, and when the jury are satisfied, from corroborating circumstances proved by other witnesses, that the accomplice has told the truth, why should not a conviction be had upon his testimony ? Independently of 'the provisions of our Code, Professor Green leaf states the rule to be that the degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. It has sometimes been said that they ought not to believe him unless his testimony is corroborated by other evidence, and without doubt, great caution in weighing such testimony is dictated by prudence and good reason. But there is no such rule of law, it being expressly conceded that the jury may, if they please, act upon the evidence of the accomplice without any confirmation of his statement.
But on the other hand, judges, in their discretion, will advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, and such is now the settled course of practice: 1 Greenleaf’s Ev., sec. 380. Chief Baron Joy, after a thorough examination of the English authorities upon this question, states the rule to be, “that the confirmation ought to be in such and so many parts of the accomplice’s narrative as may reasonably satisfy the jury that he is telling the truth, without restricting the confirmation to any particular points, and leaving the effect of such confirmation (which may vary in its effect, according to the nature and circumstances of the particular case,) to the consideration of the jury, aided in that consideration by the observations of the judge:” Joy on the Evidence of Accomplices, 98, 99. The rule as stated by Chief Baron Joy, is the rule which should be applied in the construction and interpretation of the 3755th section of the Code, in relation to the evidence of an accomplice in cases of felony.
Now let us examine the evidence in the record and see whether there are any corroborating circumstances confirmato *119 ry of the accomplice’s narrative of the transaction, proved by other witnesses, which might have reasonably satisfied the jury that he told the truth, as required by the rule of law before stated, so as to dispense with another witness. The accomplice, Charlie Lee, swears positively that the defendants committed the robbery, and states in detail the time, place, and manner in which it was done. The prosecutor, Green, was a contract- or on a railroad, and had come to town to pay off his hands. Lee, the accomplice, states that, in accordance with a preconcerted arrangement, the parties defendant, as well as himself, waylaid the prosecutor at Sandy Greek bridge; that they heard him coming across the bridge whistling ; that when he got near the end of the bridge, the witness threw a rock at him, but missed him. Boothe, one of the defendants, then struck him on the back of the head with a large club ; knocked him down, when three of the defendants jumped on him, searched him, and took from his pockets $275 00 and his watch; the other defendant, Childers, was standing in the road with a pistol, and said he would shoot any damned police who would run on him; states that there was a $50 00 bill taken from the prosecutor, which was given to him for a $20 00 bill; they tried to divide the money, but could not; agreed to put it all together and hide it for about three months. Witness gave up his $50 00 bill, and they buried it altogether under a rock; all four of them took hold of the rock and turned it over. The next morning witness went to the rock under which the money had been buried, and it had been turned over and the money was gone. Childers took the watch. Green, the prosecutor, states that he was going across the bridge whistling at the time he was knocked down and robbed; that he had $275 00 on his person at the time, a part of which was one $50 00 bill; at the time prosecutor was knocked down he heard a mumbling of voices, or as he states it in another place, a buzzing of voices. Harper states that after Lee, the accomplice, was arrested, he went with him straight to the rock under which he said the money was buried; also showed the persimmon stump from which he said the club was *120 cut by Boothe, about an inch and three-quarters or two inches thick. Culp states, he went and saw the rock; it bad been moved; had á hole under it, with green leaves in it; looked as if something had been secreted under it; it was a very large rock; witness could not move it; thinks three or four men could move it. The theory of the counsel for the defendant’s is.that Lee, the accomplice, committed the robbery himself, and as a matter of course knew all the facts. But the prosecutor states that at the time of the robbery, lie heard a mumbling or buzzing of voices, clearly showing that there was more than one person there, thus corroborating the statement of the accomplice that there were live of them engaged in it.
Again, the accomplice slates that one of the bills they got from the person of the prosecutor was a $50 00 bill. The prosecutor swears that amongst the money of which he was robbed there was a $50 00 bill, thus corroborating the evidence of the accomplice, and also corroborating the statement of the accomplice as to the aggregate amount of money taken from him, to-wit: $275 00. The accomplice stated that when the prosecutor was coming across the bridge, where he was robbed, they heard whistling. The prosecutor swears that he was whistling at the time, thus corroborating the evidence of the accomplice. The accomplice states that after the robbery four of them got hold of a rock and turned it over and put the money under it, and the next morning the rock had been turned over and the money gone. The witness, Culp, corroborates this statement as to the size of the rock, that one man alone could not have turned it over, that three or four might have done so, thus corroborating the truth of the accomplice’s statement that there were other persons engaged in the robbery besides himself.
There are other circumstances proved by other witnesses; that on the morning after the robbery, Boothe, one of the defendants, seemed to be very uneasy, and said he thought Charlie Lee was guilty of the robbery, wanted to hire a horse and buggy to go into the country; said he had the money to pay for it. Childers, after some of the defendants had been *121 arrested, came up and wanted to ask them questions; said if he could be allowed to ask them three questions he could find out something; he had not then been arrested.
In my judgment, the corroborating circumstances proved at the trial by the other witnesses, were sufficient, under the law, to authorize the jury, under the charge of the court, to find the defendants guilty, if they believed from the confirmatory evidence of the accomplice’s narrative of the transaction, that he told the truth. The accomplice was not the only witness sworn on the part of the state; there were corroborating circumstances, proved by other witnesses, at the trial, confirmatory of the accomplice’s narrative of the transaction, and that being so, it was a question for the jury to say whether they would believe him.
The statute does not require that the corroboration of the accomplice’s testimony shall be restricted to any particular points in the case, and to what particular points shall the court restrict it? What shall be the extent of the corroborating circumstances? Shall the court confine it to the corpus delicti, or to the identity of the parties charged, or to the main elements which constitute the offense ? If so, then there would be no necessity for introducing an accomplice in any case; the facts could- be established without his testimony.
The truth is, that the accomplice is introduced as a witness from necessity, to prevent a failure of justice, when no one knows the facts except those engaged in the perpetration of the felony. When the accomplice is introduced as a witness from necessity, the question as to his credibility arises. Our law does not allow a conviction in cases of felony upon his testimony alone; there must be corroborating circumstances confirmatory of his narrative of the transaction which will satisfy the minds of the jury that he has told the truth.
As before remarked, our Code does not declare what the corroborating circumstances shall be to authorize the jury to believe the testimony of the accomplice so as to dispense with another witness, and when the court undertakes to say what corroborating circumstances, proved by other witnesses, shall *122 be sufficient to authorize the jury to believe the testimony of the accomplice, it usurps the province and functions of the jury who are the exclusive judges of the credibility of the witnesses sworn at the trial of the case. In the language of Chief Baron Joy, before cited, “the confirmation ought to be in such and so many parts of the accomplice’s narrative as may reasonably satisfy the jury that he is telling the truth, without restricting the confirmation to any particular points, and leaving the effect of such confirmation to the consideration of the jury, aided in that consideration by the observations of the judge.”
It will be noticed that there was no attempt on the part of the defendants, except Childers, to account for themselves at the time the robbery was committed. Childers endeavored to prove an alibi by his mother. As to the proof of an alibi on the part of the defendant, Childers, that was a question exclusively for the jury, under the evidence in the case, with which this court should not interfere.
There was no error in the refusal of the court to'open the case for the introduction of the testimony taken before the committing magistrate on the statement of facts certified to by the presiding judge.
I am therefore of the opinion that the judgment of the court below should be affirmed, and the defendants punished, under the law, as I have no doubt they deserve to be.